Mr. Beaudry, if you want to check the podium there, make sure it's set up for you. I believe it is. All right. You're going to have five minutes total. So you'll have, you've been watching these long enough this morning that you've seen the routine. You're going to have four minutes on your primary argument, then we'll hear from Ms. Jakimowski, and then we'll come back to you for your one-minute rebuttal. Thank you. I'm trying to learn as fast as I can. May it please the court. My name is Brian R. Beaudry, pro se plaintiff appellant, and I want to thank you for the opportunity to be here today, your honors. My time is short, so I'll get right to it. My position is that the trial judge dismissed my case in error due to numerous misapplications of Title 26 and their corresponding implementing regulations. Specifically, the trial judge knows or should have known that I do not meet the statutory definition of an employee being paid wages under Title 26 and its implementing correspondent regulations, and that the Secretary of the Treasury has promulgated no regulations requiring a mandatory withholding on non-employees who are not being paid wages. Specifically, if we go to the CFRs, the implement, Section 3401C tells us that the term employee includes officers and employees whether elected or appointed of the United States, but the more telling part is paragraph C, where it says, and I quote, generally, physicians, lawyers, dentists, contractors, and others who follow an independent trade business or profession in which they offer their services to the public are not employees. It's impossible for me to meet the legal threshold of an employee being paid wages pursuant to Title 26 and its implementing regulations. 3401A goes on to narrowly define wages as, quote, all remuneration for services performed by an employee for his or her employer. The remuneration paid to me by the defendant does not meet the legal threshold of wages. Secondly, the trial judge then claims a lack of jurisdiction to even hear my case under the Anti-Injunction Act because she refers to my case as, quote, a quintessential tax refund claim, and that's why it prohibits her. My suit has nothing to do with suing the IRS for a refund of tax, but my suit has everything to do with going after the defendant for unlawfully, willfully, withholding, confiscating my property against my will 58 distinct and separate times to date. Mr. Brodery, in connection with that part of your argument, did you file an administrative refund claim with the IRS before filing this lawsuit? No, Your Honor, because I'm not required to. I'm suing, this is not a tax refund case. For tax to exist, tax liability, the first- So what's the remedy you're seeking? If you won, what would be the result, what would be the successful order for you? Stop all withholding on me because I'm not subject to it, return my property. Okay, but in terms of the cost of the withholding in the past, you'd be asking to get that money back? From the inception that I terminated the agreement, yes, Your Honor. But if that money has been sent to the IRS by Clay Lacy Aviation, then you'd be asking for the IRS to turn over the money they got from Clay Lacy? No, that to me is not my problem. Clay Lacy took my property. Who they gave it to is not my problem, it's theirs. So your claim is a civil claim against Clay Lacy, whether or not they believed that that money should have been and was transmitted to the IRS? Correct, Your Honor. So getting back to this, as I said, no tax liability can exist without a lawful assessment first. This is why I can't meet the legal threshold of bringing a suit to inhibit the assessment of tax. If no assessment exists, no tax exists. And then further, Section 6303 tells us that once the lawful assessment has been made, the IRS has 60 days to serve the notice of deficiency upon the person, which would be me. No assessment exists for me. Therefore, there is no tax liability. Therefore, it's impossible for me to meet the threshold of the Anti-Injunction Act, which we know to be 7421A. And then lastly, the trial court then inferred that my original complaint did not sufficiently state a claim upon which relief can be granted by citing Ashcroft v. Iqbal out of context as her justification. But when we read that, it tells us that a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Clearly, I've established I'm not an employee being paid wages. Therefore, I'm not required to be withheld upon. And then this, so not only do I have facial plausibility, I have high probability. And then this very court, Your Honors, the Second Circuit, ruled on the facial plausibility standard in Anderson News v. American Media that, quote, it's not the district court's task in reviewing a motion to dismiss to decide between two plausible inferences that may be drawn from the factual allegations in the complaint because the plaintiff is entitled to the benefit of the doubt. All right. Thank you. Thank you. You've got a minute reserved, so we'll hear from you again. We'll hear for counsel for Kley-Lacy. Is it Jakimowski? Am I pronouncing that correctly? Great. All right. You have five minutes. Thank you, Your Honors, and may it please the court. My name is Christy Jakimowski, and I represent Eppele Kley-Lacy Aviation. We believe this is a straightforward case in the Judge Julia of the U.S. District Court appropriately dismissed appellant's complaint based on the plain language of federal statutes and the plethora of cases analyzing the language of those statutes. Specifically, Beaudry's complaint alleges that he performed work for the appellee and that it wrongfully withheld income tax from his wages. Although pro se plaintiffs are generally given broader latitude, their complaints must still include sufficient factual allegations to survive a motion to dismiss under Rule 12b-6. Judge Julia's original ruling granting CLA's motion to dismiss was proper as the U.S. District Court does not have subject matter jurisdiction over his complaint, and he failed to state a claim upon which relief can be granted. The U.S. District Court lacks subject matter jurisdiction to hear appellant's claims as his entire case is based on the argument that CLA is committing theft by withholding federal income taxes from his wages. The Tax Anti-Injunction Act prevents the court from hearing actions brought for the purpose of restraining the assessment and collection of tax. Because all of Beaudry's claims are based on the belief that the appellee should be of subject matter jurisdiction. Further, Beaudry also has failed to state a claim upon which relief can be granted. As an instant matter, to the extent his claims are based in criminal law, his claims are barred. Specifically, he alleges grand theft in violation of California Penal Code Section 47, deprivation of rights in violation of 18 U.S.C. Section 242, and conspiracy with the IRS, which has not been named as a party, to violate his rights in violation of 18 U.S.C. Section 241. Courts have specifically held that there is no private right of action under either California Penal Code Section 47 or Sections 241 or 242 of Title 18 of the United States Code. As his allegations are based on violations of criminal statutes that do not confer a private right of action, they are barred. And Judge Julia appropriately dismissed his claims. And to be clear, the plaintiff here asked your client to stop withholding federal income tax from his wages because he felt that federal income taxes do not apply to living souls as himself. He was exempt from paying federal income tax. Yes. And he makes the argument that it does not apply to living souls, improperly relying on an argument that's been made to validate that corporations can be taxed, but there's nothing in the case law that says that living souls cannot be taxed. Even if he were permitted to amend his complaint to eliminate any reference to criminal law, any amendment would be futile as his claims are still premised on the notion that he clearly improperly withheld taxes from his wages. As his employer clearly sees specifically required to withhold income tax from his wages under 26 USC Section 3402 subsection A, which provides every employer making a payment of wages shall deduct and withhold upon such wages a tax. He attempts to argue- His suit to bar his employer from withholding his tax was squarely within the terms of the Anti-Injunction Act because the employer is made an agent for the federal government and required to collect the tax from its employees? Yes, correct. And the Anti-Injunction Act prevents hearing any actions brought for the purpose of restraining the assessment and collection of tax, and he's strictly arguing that Clay Lacy Aviation should not have been able to withhold taxes from his wages. He also argues in his brief that he's not an employee of Clay Lacy Aviation because he does not perform work within the United States, arguing essentially that the 50 states are not states. This has been addressed by countless courts. One court in particular in U.S. versus Cooper noted these arguments frivolous when first made have been rejected in countless cases. They are no longer merely frivolous. They are frivolous squared. He also argues that he elected to have taxes not withheld pursuant to a misreading of Section 31.3402 subsection P, which addresses voluntary withholding of otherwise untaxed income, which does not apply to wages as they do apply here. As the court lacks subject matter jurisdiction, an appellant has failed to state a claim upon which relief can be granted. Clay Lacy respectfully requests that this court uphold Judge Julia's prior decision and maintain the dismissal of voter's complaint with prejudice. If your honors have no further questions, I thank you for your time. Thank you, counsel. And Mr. Beaudry, you have one minute for rebuttal. Thank you, your honors. The big, Judge Julie might have been correct if I met the statutory definition or legal threshold of being an employee being paid wages. Title 26 is absolutely clear that not all that comes in is income or wages. The beginning of my complaint, I stated I'm not an employee. I'm not being paid wages. I'm not subject to withholding. And she keeps referring to this as a tax. Withholding is not a tax. Withholding is setting aside monies against the potential future liability of tax. That's why the W-4 form requires our permission. Which says employees withholding on the term, right? Employees, right there. And you filled out that form when you started working at Clay Lacy. And I did. And once I became aware of what Title 26 says, because most of us don't know the intricacies, I had an epiphany. Oh, my gosh. I'm not an employee. I'm not being paid. And I'm not even engaged in employment in this instance. Clay Lacy is not an employer as defined in this relationship with me. Because I'm not an employee. That's the glaring difference. If I was, the judge would be absolutely correct. But they're missing this point. And because I'm not that, I can't possibly meet the threshold of the Anti-Injunction Act. Because there's no assessment. I'm not seeking my tax back. Because there never was a tax under 6203. If there was, I wouldn't be here today. And I want to thank you all for letting me be here today. Amazing experience. Thank you, sir. Well argued. Thank you. We appreciate your time.